# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# <u>SOUTHERN DIVISION</u>

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | **2:17-cr-00267-AKK-TMP** |
| ) | |
| **OLIVER L. ROBINSON, JR.** ) | |

## UNITED STATES' SENTENCING MEMORANDUM

Comes now the United States of America, by and through Jay E. Town, United States Attorney for the Northern District of Alabama, and respectfully submits the following sentencing recommendation for Oliver L. Robinson, Jr., a former state legislator who sold his office to a Balch & Bingham lawyer and Drummond Coal Company executive for a $375,000.00 consulting contract. As Robinson readily admitted, he betrayed his constituents and neighbors in North Birmingham and Tarrant by accepting the bribe. Yet, as set forth fully in the Motion for Downward Departure Pursuant to U.S.S.G. § 5K1.1, Robinson genuinely and timely accepted responsibility for taking bribes and cooperated with the investigation and prosecution of his bribers. Robinson also committed and confessed fraud involving his Foundation and campaign bank accounts and evasion of income taxes.

1

The United States recommends that Robinson be sentenced to 33 months imprisonment, ordered to pay restitution of $169,151.00 to the Internal Revenue Service, and ordered to forfeit $390,783.00 as set forth in the proposed final order of forfeiture. The recommended sentence fairly reflects Robinson's crimes, his abuse of his position of public trust, the aggravating roles in the bribery scheme of his coconspirators who proposed the bribe to Robinson, and Robinson's acceptance of responsibility and cooperation.

## **THE CRIMES**

Joel Gilbert and David Roberson conspired to bribe state representative Oliver Robinson with a consulting contract to use his office to support Balch & Bingham's and Drummond Company's opposition to the EPA's actions involving expansion and prioritization of a Superfund site near Robinson's legislative district. Balch & Bingham and Drummond Company paid Robinson approximately $375,000.00 under the contract over a two year period. In return, Robinson took a variety of official acts to support Gilbert's, Roberson's, Balch's, and Drummond's agenda. Robinson advocated for their position in a meeting with the EPA, using talking points drafted by Gilbert and secretly recording the meeting; he made comments to the Alabama Environmental Management Commission urging them and the Director of the Alabama Department of Environmental Management to be more involved in

North Birmingham and to help narrow the list of parties potentially responsible for the Superfund site cleanup; and he voted in the Alabama House of Representatives Rules Committee on a resolution, drafted by Gilbert, opposing the EPA's efforts in North Birmingham. In performing each of these official acts, Robinson concealed his financial relationship with Balch and Drummond, as Gilbert, Roberson, and their contract required him to do.

Robinson also embezzled money from his Foundation and campaign accounts. Although Robinson promised contributors that their money would be used for certain purposes, such as promotion of an annual Black Achievers Awards Gala and his reelection campaign, he personally spent a portion of the contributions. During the relevant period, Robinson illegally diverted approximately $270,000.00 from these accounts. Robinson also evaded the payment of taxes on this and other income, resulting in a tax deficiency currently calculated at $169,151.00.

## APPLICATION OF THE SECTION 3553(a) FACTORS

### A.   The PSR Correctly Calculates the Guidelines Ranges.

Although the Guidelines are not mandatory, they remain "the starting point and the initial benchmark" in determining the appropriate sentence. *Gall v. United States*, 552 U.S. 38, 49 (2007). The Guidelines as written "reflect the fact that the Sentencing Commission examined tens of thousands of sentences" over many years

in an effort to achieve the objectives of 18 U.S.C. § 3553(a). *Rita v. United States*, 551 U.S. 338, 349 (2007). The "result is a set of Guidelines that seek to embody the Section 3553(a) considerations, both in principle and in practice." *Id*. at 350. Thus, "it is fair to assume that the Guidelines, insofar as practicable, reflect a rough approximation of sentences that might achieve" those statutory objectives. *Id.*

The presentence report correctly calculates the total offense level as 24 and criminal history category as I, resulting in an advisory Sentencing Guidelines range of 51-63 months. The United States has, by separate document recounting Robinson's cooperation, requested that the Court depart below the advisory Sentencing Guidelines range and has recommended a departure to total offense level 20, resulting in a sentencing range of 33-41 months.

**B.     The Recommended Sentence Is Fair and Reasonable.**

Having correctly calculated the Guidelines range, the Court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" of sentencing set forth in 18 U.S.C. § 3553(a). Under the circumstances of this case, the recommended sentence of 33 months imprisonment is fair and reasonable and would achieve the purposes of sentencing set forth in 18 U.S.C. § 3553(a).

The recommended sentence "reflect[s] the seriousness of the offense," "promote[s] respect for the law," and "provide[s] just punishment for the offense."

18 U.S.C. § 3553(a)(2)(A). Robinson wrongly succumbed to the enticements offered by Joel Gilbert and David Roberson and betrayed the trust of his community. As Robinson readily admitted, he sold out his constituency and neighbors. An elected official can scarcely commit a more egregious crime than selling his office for personal gain. Under the circumstances of this case, the recommended sentence will justly punish Robinson for his serious offenses and thereby promote respect for the law.

The recommended sentence will also "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B)-(C). That Robinson, who used his official position on behalf of a law firm and coal company for personal profit and to the detriment of his community, will serve significant time in prison and be divested of his ill-gotten gains sends the appropriate message of deterrence. Other public officials surely will learn of the sentence and be reminded of the consequences of bribery and other illegal acts. The lesser term of imprisonment recommended for Robinson (as compared to the sentences the United States will recommend for Gilbert and Roberson) also rightly communicates that early acceptance of responsibility and truthful cooperation with government investigations of public officials and those with whom they conspire will be duly rewarded.

WHEREFORE, the United States respectfully requests that the Court impose a sentence of 33 months imprisonment, order Robinson to pay restitution of $169,151.00 to the Internal Revenue Service, and order that Robinson forfeit $390,783.00 as set forth in the proposed final order of forfeiture.

        Respectfully submitted,

        */s/ George Martin*
        GEORGE A. MARTIN, JR.
        ROBIN B. MARK
        JOHN B. WARD
        Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I certify that on September 25, 2018, I filed this document electronically with the United States District Court for the Northern District of Alabama using the CM/ECF system and thereby caused a copy to be served on the defendant's counsel of record.

>                              */s/ George Martin*
>                              GEORGE A. MARTIN, JR.
>                              Assistant United States Attorney